FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| URBANNA INC,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF SPOKANE, CATHOLIC HOUSING SERVICES OF EASTERN WASHINGTON, FR BACH II HOUSING LLC, FR BACH HOUSING III LLC, VALOR HAVEN LLC, FATHER BACH HOUSING IV LLC, FATHER BACH HOUSING V LLC, CATHOLIC CHARITIES OF SPOKANE, ROBERT J McCANN,<br><br>                Defendants. | NO. 2:25-CV-0447-TOR<br><br>ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS |

BEFORE THE COURT is Defendant City of Spokane's Motion for Judgment on the Pleadings (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant City of

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 1

Spokane's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED in part and DENIED in part.

## BACKGROUND

This case arises out of allegations of public and private nuisance, breach of duties, violations of substantive due process for a state-created danger, and the equal protection clause for failure to enforce or selective enforcement under 42 U.S.C. § 1983 *Monell*, negligence, and tortious interference with business expectancy. ECF No. 1 at 66-80. Plaintiff alleges that the surrounding crime has negatively impacted Urbanna Spa, Salon and Wine and that the Defendants' failure to address these concerns amounts to numerous violations. ECF No. 1 at 38- 80. Additionally, Plaintiff claims that the City of Spokane's ("City") support and endorsement of the other Defendants (collectively "Catholic Charities") resulted in nuisance, breach of duties, and tortious interference with business expectancy claims including violations under section 1983 and *Monell* for violations of substantive due process and the equal protection clause. *Id.*

Plaintiff filed this case in Spokane Superior Court on October 29, 2025. ECF No. 1. On November 7, 2025, this case was removed to federal court. ECF No. 1. On February 12, 205, the City filed this Motion for Judgment on the Pleadings. ECF No. 8.

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 2

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure Rule 12(c) states a party may move for a judgment on the pleadings, "after the pleadings are closed--but early enough not to delay trial." FED. R. CIV. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *San Francisco Apartment Ass'n v. City & Cnty. of San Francisco*, 881 F.3d 1169, 1175 (9th Cir. 2018) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999)).  A motion for judgment on the pleadings is similar to a motion to dismiss except for the timing of the motion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This requires more than a simple "formulaic recitation of a cause of action's elements."  *Twombly*, 550 U.S. at 545.  There must be facts to support legal conclusions beyond simply stating conclusory legal statements.  *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 3

conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations). However, a court must construe the facts in the light most favorable to the opposing party of the motion and accept that party's allegations as true. *Twombly*, 550 U.S. at 556.

In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570. In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan v. SanMedica Int'l,* 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

### B. 42 U.S.C. § 1983 *Monell*

Plaintiff alleges two theories for section 1983 claims under *Monell*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); ECF No. 1 at 71-76. One, the City violated substantive due process because the City created and affirmatively placed Plaintiff in danger. ECF No. 9 at 11. Two, the City violated the equal protection clause because the City selectively enforced ordinances and statutes. ECF No. 9 at 14-15.

Under § 1983, municipalities may be liable "for constitutional injuries

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 4

pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). This requires the plaintiff showing that there was "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Horton*, 915 F.3d at 603 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)). However, they are not liable under *respondeat superior*. *Id.* Specifically, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

*Monell* requires that a Plaintiff shows: "(1) he or she had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'" *Est. of Nelson by & through Nelson v. Chelan Cnty.*, 2024 WL 1705923, at *15 (E.D. Wash. Apr. 19, 2024) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

    a. <u>State-Created Danger Doctrine</u>

Plaintiff alleges that the City violated substantive due process because the state-created danger doctrine is applicable. ECF Nos. 9 at 11;1 at 71-76. Plaintiff does not allege a special relationship exception. ECF No. 9 at 11. Plaintiff claims that the City provides funds to the Catholic Charities and failed to ensure safety for

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 5

its residents and failed to enforce its own nuisance abatement codes.  ECF No. 1 at 73.

The Fourteenth Amendment Due Process Clause states that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 194 (1989) (quoting U.S. CONST. AMEND. XIV, § 1).  However, this language does not mean that the State is required "to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195.  Nonetheless, there are specific limited circumstances that the Constitution provides a duty upon the State affirmative duties to protect and care for specific individuals.  *DeShaney*, 489 U.S. at 198.

Two of these limited circumstances are when there is a special relationship or where the state created the danger.  *Campbell v. State of Washington Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 (9th Cir. 2011) (citing *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989) and *Patel v. Kent Sch. Dist.,* 648 F.3d 965 (9th Cir. 2011)).

There are two initial elements to allege a claim under the state-created danger doctrine.  *Polanco v. Diaz*, 76 F.4th 918, 926 (9th Cir. 2023).  First, a plaintiff must provide facts that a state's "affirmative conduct" led to an exposure of "an actual, particularized danger that [he] would not otherwise have faced."

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 6

*Polanco*, 76 F.4th at 926 (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) and *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019)). "Second, a plaintiff must allege that the state official acted with 'deliberate indifference' to that 'known or obvious danger.'" *Polanco*, 76 F.4th at 926 (quoting *Martinez*, 943 F.3d at 1271).

To meet the element for a particularized harm, Plaintiff may allege a danger "directed toward a group rather than an individual." *Polanco*, 76 F.4th at 927 (citing *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018)). However, "[a]ffirmative state action that exposes a broad swath of the public to 'generalized dangers' cannot support a state-created-danger claim." *Polanco*, 76 F.4th at 927 (citation omitted).

The City argues that Plaintiff did not state it suffered a particularized harm, as required, under the state danger doctrine. ECF No. 8 at 5-12. Plaintiff alleges that the harm is particularized because it is directed at an identifiable group. ECF No. 9 at 12-13. Plaintiff continues that the City created a danger by their affirmative conduct of providing funding to the Catholic Charities, allowing them to be constructed in a small radius, encouraging relocation with knowledge of the high rate of crime and incident calls in the area, and failing to properly staff and fund the police department and other services, and failing to enforce Spokane Municipal Code 10.68. ECF No. 9 at 13.

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 7

Based on the relevant case law, the group harmed is not identifiable and distinct to represent a particularized harm. For example, in *Polanco*, 122 inmates were transferred from California Institution of Men, which was experiencing a COVID-19 outbreak, to San Quentin which placed a specific group of inmates and guards at risk. *Polanco*, 76 F.4th at 926. The group was easily identifiable and specific and the COVID-19 harm was particularized to that group.

In *Hernandez v. City of San Jose*, 897 F.3d 1125, 1131 (9th Cir. 2018), officers prevented rally members from leaving through a safe exit and moved the members toward a violent group of protestors. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1131 (9th Cir. 2018). The group was easily identifiable and were present during a specific timeframe and location for a particular purpose. The group was distinct, and the harm was particularized to that group.

Plaintiff's alleged harm is not a distinct group because it is a "broad swatch of the public." *Polanco*, 76 F.4th at 927 (citation omitted). In the relevant case law, the group was easily identifiable and distinct, whereas here, the group is any individual or business within six particular blocks of the city. However, affected individuals may include the surrounding areas for the same or similar harms. This results in generalized harm. This is not particularized and generally defeats the purpose of the state-created danger doctrine. This doctrine was not made to allow the City to be subject to liability regarding broad groups of people or the public but

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 8

rather distinct groups that were harmed by the State's direct affirmative actions. This is not the case here.

This is further supported by the concept of "particularized" in other contexts. For example, in the context of standing, "particularized" means "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, *as revised* (May 24, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 n.1 (1992)). In other words, "there must be some unique connection between the plaintiff and defendant that '[ ]differentiate[s]; the plaintiff so that his injury is not 'common to all members of the public.'" *Clark v. Weber*, 699 F. Supp. 3d 879, 881 (C.D. Cal. 2023) (quoting *United States v. Richardson*, 418 U.S. 166, 177 (1974)). Here, the only connection is general location, and the harms can affect any individual or business in that area. This group does not have a specific identifiable characteristic beyond general location and time frame over years. Therefore, Plaintiff does not allege a required element under this claim and the claim must be dismissed. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

The City relies on two cases, *Hunters Capital, LLC v. City of Seattle*, 650 F. Supp. 3d 1187 (W.D. Wash. 2023) and *Sinclair v. City of Seattle*, 61 F.4th 674 (9th Cir. 2023). ECF No. 8 at 6. The City also uses *White v. City of Minneapolis*, 2021 WL 5964554 (D. Minn. Dec. 16, 2021) (unpublished) as persuasive authority.

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 9

ECF No. 8 at 8.

In *Hunters Capital*, in the city of Seattle, Capital Hill Occupied Protest ("CHOP") referred to a specific area of protesters. *Hunters Cap., LLC v. City of Seattle*, 650 F. Supp. 3d 1187, 1192 (W.D. Wash. 2023). Plaintiffs stated that the city's "action, assistance, endorsement, and encouragement of CHOP" resulted in the dangers experienced such as property damage, loss of income and revenue, personal injury, public safety concerns, and issues with use and access to their properties. *Hunters Cap.*, 650 F. Supp. 3d at 1197, 1200. However, the Court did not find that this was a particularized danger, but rather one the general public faced, too. *Hunters Cap.*, 650 F. Supp. 3d at 1201. The alleged harms in *Hunters Capital* and this case are similar and refer to a similar group of businesses and individuals, using a city location. *Hunters Cap., LLC v. City of Seattle*, 650 F. Supp. 3d 1187, 1197, 1200 (W.D. Wash. 2023). Plaintiff attempts to differentiate that case from this one by citing the differences in amount of people and size of location, but that was not the issue in *Hunters Capital*. *Hunters Cap.*, 650 F. Supp. 3d at 1197, 1200. The issue was that the public faced the same harms. Therefore, this argument fails.

In *Sinclair*, CHOP was also the center of the issue where an individual was shot and killed in CHOP. *Sinclair v. City of Seattle*, 61 F.4th 674 (9th Cir. 2023). Plaintiff alleged that the city's actions and inactions led to her son and others in the

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 10

CHOP zone to be put in a more dangerous position.  *Sinclair*, 61 F.4th at 682.  However, the court found that this was not a particularized harm rather one that affected everyone.  *Sinclair*, 61 F.4th 674, 682-83.  Moreover, the court found that this was to be solved within the city's voting system rather than in a court case.  *Sinclair*, 61 F.4th at 684.  In this case, the court found that the plaintiff failed to allege a particularized danger for the individual Plaintiff.  *Sinclair*, 61 F.4th at 682-83.  However, this case is different because the focus on the particularized element was based on an individual rather than a group.  Nevertheless, the same theme follows that general crime within an area does not result in a particularized harm.

Also, Defendants use of *White v. City of Minneapolis*, 2021 WL 5964554 (D. Minn. Dec. 16, 2021) only furthers the idea that businesses and residents within a specific area, such as the third precinct in this case, represent the general public and fail to demonstrate a definable specific group.  *White v. City of Minneapolis*, 2021 WL 5964554, at *6 (D. Minn. Dec. 16, 2021).

Plaintiff uses *Roe v. City & Cnty. of San Francisco*, 2024 WL 4505475, at *3 (N.D. Cal. Oct. 15, 2024) to allege that the Ninth Circuit has applied the state-created danger doctrine in cases such as assault, shootings and death.  ECF No. 9 at 13-14.  The City argues that this case considers whether the danger was severe enough to allege a claim rather than if it was particularized.  ECF No. 11 at 3-4.  The Court agrees, in *Roe*, the cases cited were not used to support a particularized

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 11

harm or analyze whether the group was identifiable and distinct. *Roe v. City & Cnty. of San Francisco*, 2024 WL 4505475, at *3 (N.D. Cal. Oct. 15, 2024).

   b.  Selective Enforcement

The City states that Plaintiff cannot bring a selective enforcement claim because Plaintiff did not experience an enforcement action.  ECF No. 11 at 6.

To allege an equal protection claim, under the Fourteenth Amendment, a plaintiff must show that enforcement was conducted with a discriminatory purpose and resulted in a discriminatory effect.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (citing *Wayte v. United States,* 470 U.S. 598, 608 (1985)); *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 977 (E.D. Cal. 2022). "Such claims may proceed where a plaintiff alleges that a law was enforced against the plaintiff, but not against other similarly situated individuals." *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 977 (E.D. Cal. 2022).  Plaintiff must show that the law was enforced against the plaintiff "on the basis of an impermissible ground such as race, religion or exercise of ... constitutional rights." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 922 (9th Cir. 2012) (quoting *United States v. Kidder,* 869 F.2d 1328, 1336 (9th Cir. 1989)).

The City states that it fails for the same reason that this claim failed in *Railroad 1900*.  *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 977 (E.D. Cal. 2022); ECF No. 8 at 13-14.  The City states that alleging that the City enforced

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 12

laws against some property owners and not others (the Catholic Charities) does not amount to a selective enforcement claim. ECF No. 8 at 14. In its Complaint, Plaintiff states that its business and other private property owners have been subject to enforcement actions, fines and legal proceedings for lesser conduct. ECF No. 1 at 73.

As Defendant argues, Plaintiff has not been subject to an enforcement that similarly situated individuals have not. ECF No. 8 at 13-14. Plaintiff's selective enforcement claim fails because Plaintiff has not alleged that she has been selectively subject to any specific enforcement. Other cases in this circuit have failed for the same reason. *See Jiangong Lei v. City of Lynden*, 2015 WL 926562, at *4 (W.D. Wash. Mar. 4, 2015) ("As a preliminary manner, there is absolutely no evidence, nor has Plaintiff even pled, that the City selectively *enforced* its ordinances against Plaintiff."); *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 977 (E.D. Cal. 2022) ("[T]he basis of plaintiff's equal protection claim is not that any law was enforced against it."); *Bookstore, Inc. v. Leonard*, 474 F. App'x 676, 677 (9th Cir. 2012) ("Appellants did not put forth any evidence that they were treated differently than other similarly situated businesses.").

Plaintiff argues for the failure of enforcement of others, the Catholic Charities. However, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Bordenkircher v. Hayes,* 434 U.S. 357, 364

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 13

(1978) (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)); *Bloodworth v. City of Phoenix*, 26 F. App'x 679, 683 (9th Cir. 2002).  This idea and similar context is addressed in *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 978 (E.D. Cal. 2022), when the court stated "[w]hile it may be unfair for a city to afford businesses and residents in certain areas the benefit of enforcing local laws while denying that benefit to those in other areas, as plaintiff argues, it does not amount to a violation of equal protection."  *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 978 (E.D. Cal. 2022).  Based on that, Plaintiff has not alleged facts that suggest Plaintiff was subject to selective enforcement and the enforcement of failure of enforcement of others does not constitute an equal protection violation.

Even more, as established, Plaintiff is not the one experiencing the alleged harm of selective enforcement directly.  For example, Plaintiff is not a business committing similar or the same violations as the Catholic Charities allegedly are but is instead only potentially collaterally harmed from the lack of enforcement of the same.  Plaintiff's alleged harm is indirect and stems from the failure of enforcement of the Catholic Charities.  Plaintiff aims to sue based on that indirect connection on behalf of hypothetical businesses that are facing enforcement that the Catholic Charities are not.  *United States v. Texas*, 599 U.S. 670, 678 (2023) ("When 'a plaintiff 's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed'

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 14

to establish standing.") (quoting *Lujan*, 504 U. S. at 562).  Therefore, Plaintiff fails to allege a selective enforcement claim against the City.

Plaintiff does not have any remaining federal claims.  While leave should be freely given, the district court is not required to provide leave where amendment would be futile.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  As discussed, Plaintiff did not experience enforcement and the harm was not particularized meaning amendment would be futile and would not cure any defects or confer subject matter jurisdiction.  Moreover, Plaintiff did not request amendment for these federal claims but only state law claims.  Accordingly, the Court will not grant leave to amend.

**C. Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c), a district court may refuse to invoke supplemental jurisdiction over any claim that is related to claims in which the district court had original jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.  In this case, all federal claims have been dismissed.  However, district courts should consider "at every stage of the litigation, the values of

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 15

judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Usually, the factors will weigh in favor of declining supplemental jurisdiction over remaining state-law claims. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented,* 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997). As a result, this Court declines supplemental jurisdiction over Plaintiff's state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Because this Court declines to exercise supplemental jurisdiction, this Court will not consider Plaintiff's state law claims. Instead, because this case was removed from state court, the Court will remand this case back to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). On remand, Plaintiff may seek leave to amend if they wish to do so.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant City of Spokane's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED in part and DENIED in part.** Plaintiff's 42 U.S.C. § 1983 claims under substantive due process for a state-created danger and selective enforcement are **DISMISSED without leave to amend.**

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 16

2.  Pursuant to 28 U.S.C. 1367(c)(3), Plaintiff's state law claims are hereby **REMANDED** to the Superior Court in and for the County of Spokane, former case number 25-2-04651-32.

The District Court Executive is directed to enter this Order, furnish copies to counsel, mail a certified copy of this Order to the Clerk of the Spokane County Superior Court and **CLOSE** the file.

DATED **May 4, 2026**.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT CITY OF SPOKANE'S JUDGMENT ON THE PLEADINGS ~ 17